

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-09-00434-CR

RICARDO SANCHEZ                                                   APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

## FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Ricardo Sanchez of aggravated sexual assault by threat and assessed his punishment at fifteen years' confinement. The trial court sentenced him accordingly. In two issues, Appellant argues that the trial court abused its discretion by admitting evidence of an extraneous offense in violation of evidence rules 403 and 404(b) and that the trial court erred by

---

[1]*See* Tex. R. App. P. 47.4.

denying his motion to dismiss for preindictment delay. Because the trial court committed no reversible error, we affirm the trial court's judgment.

**Background Facts**

Appellant was prosecuted for aggravated sexual assault of L.F., alleged to have occurred on March 12, 2005. He was indicted on January 7, 2009, and reindicted on April 27, 2009. On November 25, 2009, Appellant filed a motion to dismiss for denial of a speedy trial and for want of prosecution. In the motion, Appellant alleged that he had been prejudiced by the delay in trial proceedings because the apartment complex where both he and L.F. had lived had destroyed evidence corroborating his presence in the complex, and their places of work had destroyed employment records. At trial, L.F. admitted to working at The Olive Garden but denied working there at the same time that Appellant had worked there and denied having ever spoken to him. Appellant presented evidence that the two had worked together at the restaurant. The trial court carried the motion during trial but ultimately overruled it.

During trial, the State called M.A., who testified over Appellant's objection about an incident involving Appellant that had occurred in New York on March 17, 2008. She testified that while she was doing laundry in the basement of her apartment building, a man looked into the room, left, and then returned and "came directly towards [her]" with what looked like "a screwdriver or something" in his hand. With his other hand, he grabbed her and began pulling her out of the laundry room. M.A. testified that she bit him and was able to "get loose a little

2

bit"; he then grabbed her by her blouse and pulled her to the elevator. M.A. testified that she managed to slip out of her blouse and escape. M.A. identified Appellant as the man in question. The State also introduced evidence that the events had resulted in Appellant's conviction in New York for forcible touching.

**Extraneous Offense**

In his first issue, Appellant contends that the trial court abused its discretion by admitting into evidence the extraneous New York offense because the evidence lacked relevance and was unduly prejudicial in violation of rules 403 and 404(b) of the Texas Rules of Evidence. Appellant pointed out that he was convicted in New York for the nonsexual offense of assault causing bodily pain. He argued that the New York assault was not substantially similar to the sexual offense of which he was accused in Texas. Although the State argued that the New York assault was likely an attempted sexual assault, there was no specific evidence of an attempted sexual assault beyond the State's argument.

Appellant made clear to the trial court his objection to the admission of the evidence of the New York offense in a hearing outside the presence of the jury. Trial counsel was quite effective in calling his complaint to the trial court's attention and in explaining his reasoning, but the trial court allowed the testimony because the trial court believed that the evidence of the extraneous offense had a tendency to rebut Appellant's defensive theory. The State pointed out, and the evidence showed, that Appellant grabbed the New York complainant's breast with sufficient force to cause her pain. She managed to escape by slipping out of

3

her shirt. The State argued that Appellant's grabbing the woman's breast was an act that was sexual in nature, supporting the State's suggestion that the assault would have ended in sexual assault had the woman not escaped.

We review a trial court's ruling on the admissibility of an extraneous offense under an abuse of discretion standard.[2] So long as the trial court's ruling falls within the "zone of reasonable disagreement," there is no abuse of discretion, and the trial court's ruling should be upheld.[3] Rule 404(b) of the Texas Rules of Evidence specifically provides that evidence of extraneous offenses may be admissible as proof of "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."[4] An extraneous offense may also be admissible to rebut a defensive theory, including a defensive theory of fabrication or retaliation.[5]

The State argued below and now argues on appeal that the New York conviction was admissible to rebut Appellant's theory that L.F. was lying about the nonconsensual nature of the sexual activity. We hold that Appellant's New York assault conviction for grabbing a woman's breast under similar

---

[2]*Prible v. State*, 175 S.W.3d 724, 731 (Tex. Crim. App.), *cert. denied*, 546 U.S. 962 (2005).

[3]*Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).

[4]Tex. R. Evid. 404(b).

[5]*Bass v. State*, 270 S.W.3d 557, 563 (Tex. Crim. App. 2008).

circumstances as those to which L.F. testified was properly admissible because it was evidence from which the jury could conclude that Appellant forced himself on L.F. and that the sexual activity was not consensual. The trial court therefore did not abuse its discretion by admitting evidence of the New York assault. We overrule Appellant's first issue.

**Preindictment Delay**

In his second issue, Appellant argues that the trial court erred by denying his motion to dismiss for preindictment delay. Although the warrant issued within a reasonable time of the offense, there was no indictment until after the conviction in New York. It is unclear why the State delayed almost four years in seeking an indictment, but it is also clear that Appellant left the jurisdiction and went to New York, where he used a different name. The warrant was still in effect during the time Appellant lived in New York, and it was not until after his conviction in New York that Texas took any action. Evidence disappeared. Witnesses disappeared. But Appellant at no time requested a speedy trial. Instead, he moved only for dismissal.

In a procedurally similar case in which the appellant failed to preserve his complaint, the Texas Court of Criminal Appeals explained,

> An accused in appellant's place—arrested but not formally charged—has a choice: He can wait until he is charged, then file a motion for a speedy trial, and, if this request is not honored, he can then file a motion to dismiss because he has diligently sought what he is entitled to—a speedy trial. Or he can wait until he is charged and simply file a motion to dismiss if he can show that he diligently tried to move the case into court before formal charges were filed.

5

Here, appellant never requested a speedy trial; he sought only an outright dismissal and tried to prove that he acted on the desire for a speedy resolution before he was charged.[6]

As in *State v. White*, Appellant's legal theories

were always equity, due process, and due course of law. He never asked for a speedy trial, never cited *Barker v. Wingo*, the controlling Sixth Amendment speedy trial case, and never argued his motion to dismiss in terms of the *Barker* factors.[7]

Because Appellant did not argue a violation of the Sixth Amendment, we look only to whether he was sufficiently harmed by the delay to constitute a denial of due process. The police tried to find Appellant and acquired copies of his resident alien card and social security card from the leasing office of the apartment complex where his sister lived. When they discovered that the cards were fake, the officers prepared and circulated a Crime Stoppers flyer with a photograph of Appellant on it. They received no response.

The police also sought and were granted an arrest warrant, but the case went cold. Officers later located a person named "Roberto Maldonado Corte" in New York City. He was finally identified by DNA as Appellant. Appellant has not shown how he was prejudiced by the delay that was caused, in part, by his fleeing Texas and living in New York under a different name. Accordingly, we overrule Appellant's second issue.

---

[6]*Cantu v. State,* 253 S.W.3d 273, 284–85 (Tex. Crim. App. 2008) (footnote omitted).

[7]*State v. White,* 306 S.W.3d 753, 759 (Tex. Crim. App. 2010) (citation omitted).

**Conclusion**

Having overruled Appellant's two issues, we affirm the trial court's judgment.


                                        LEE ANN DAUPHINOT
                                        JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 17, 2011